United States District Court
Southern District of Texas
**ENTERED**
August 25, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| FLORENCIO TORRES, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 2:20-CV-00068 |
| § | |
| LORIE DAVIS, § | |
| § | |
| Respondent. § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Florencio Torres is an inmate in the Texas Department of Criminal Justice and is currently incarcerated in the Wayne Scott Unit in Angleton, Texas. Proceeding *pro se*, Torres filed an original habeas corpus petition pursuant to 28 U.S.C. § 2254 on February 21, 2020 and an accompanying memorandum of law.[1] (D.E. 1 at 1). Torres raises a claim of ineffective assistance of appellate counsel. Respondent filed a motion for summary judgment, arguing that the § 2254 petition was untimely, to which Torres has responded. (D.E. 14, 18). As discussed more fully below, it is respectfully recommended that Respondent's motion for summary judgment be granted and that Torres's habeas corpus petition be dismissed as untimely. It is further recommended that a Certificate of Appealability ("COA") be denied.

**I.    JURISDICTION**

This court has jurisdiction pursuant to 28 U.S.C. § 1331 and venue is proper

---

[1] Torres stated under penalty of perjury that he placed his petition in the prison mail system on February 21, 2020, and it is considered filed as of that date. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998), and Rule 3, Rules Governing Section 2254 Cases (discussing the mailbox rule).

because Torres was convicted in Nueces County, Texas. 28 U.S.C. § 2254(a); 28 U.S.C. § 124(b)(6); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## II. BACKGROUND

### a. Petition and Claims

In his § 2254 petition, Torres raises a claim of ineffective assistance of appellate counsel. (D.E. 1 at 6). He contends that his Sixth and Fourteenth Amendment rights to effective appellate counsel were violated because his appellate attorney did not file a brief to challenge the sufficiency of the evidence on which his conviction was based. (*Id.*; D.E. 2 at 21-23). Torres cites *Edwards v. Carpenter*, 529 U.S. 446 (2000), to argue that his petition is timely. (D.E. 1 at 9).

### b. State Court Records

Torres was charged in 2006 in an indictment with four counts of aggravated sexual assault of a child and two counts of indecency with a child in violation of Tex. Pen. Code § 22.021 and § 21.11. (D.E. 13-5 at 7). Torres pled not guilty to all six counts. (*Id.* At 10). Following a jury trial in January 2008, a state trial court found Torres guilty of all charges, except as to one count of aggravated sexual assault for which he was found not guilty. (*Id.*). A jury sentenced him to a total sentence of 20 years' imprisonment. (*Id.*). The trial court entered judgment on February 1, 2008. (*Id.* at 11).

Torres appealed to the Thirteenth District Court of Appeals, arguing that his Sixth and Fourteenth Amendment rights were violated by prosecutorial misconduct. (D.E. 15-8 at 9-12). Torres's conviction was affirmed by the Thirteenth Court of Appeals on August 24, 2009. (D.E. 13-5 at 82-84). Torres did not file a petition for discretionary review.

(D.E. 1 at 3).

In September 2019, Torres filed for a writ of habeas corpus with the Texas Court of Criminal Appeals ("TCCA") under Article 11.07 of the Texas Code of Criminal Procedure. (D.E. 13-5 at 17-32). Torres challenged his conviction and sentence, alleging ineffective assistance of appellate counsel because appellate counsel did not raise the issue of insufficient evidence. (*Id.* at 22). The trial court recommended dismissing Torres's application because his appellate counsel did not perform deficiently nor did his appellate counsel prejudice him. (D.E. 13-4 at 4). On October 30, 2019, the TCCA denied Torres's application without written order. (D.E. 13-1 at 1).

### III.  DISCUSSION

In her motion for summary judgment, Respondent argues that Torres's § 2254 petition is untimely. (D.E. 14 at 5-7). Respondent argues that Torres's conviction became final September 23, 2009 and therefor the one-year limitation period to file a § 2254 petition expired on September 23, 2010. (D.E. 14 at 6). Respondent further argues that Torres is not entitled to statutory tolling because he did not file a state habeas petition until 2019—nine years after the limitations period expired. (*Id.*). Finally, Respondent argues that Torres's assertion that his lack of timeliness is excused by *Edwards* is meritless. (*Id.* at 6-7).

Torres responds that, under *Martinez v. Ryan*, 566 U.S. 1 (2012), his failure to timely file his petition is excused by the fact that he could not raise a claim of ineffective assistance of counsel until his initial collateral proceedings. (D.E. 18 at 1-3, 7-8). He also argues that laches is not applicable. (*Id.* at 3-4). Finally, Torres argues that his

3

petition is not time-barred because: (1) he did not previously know that his appellate counsel performed deficiently; and (2) the state obstructed his ability to file earlier by both appointing him that appellate counsel and by arguing that *Edwards* is inapplicable. (*Id.* at 4-7).

A one-year limitation period applies to an application for a writ of habeas corpus filed by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States was removed; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court; or (4) the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence. *Id.* § 2244(d)(1).

For § 2244 purposes, where a petitioner has sought review by the state's highest court, a conviction becomes final 90 days after his claim is rejected, when the time to file a petition for a *writ of certiorari* with the Supreme Court has expired. *Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2003). In Texas, the Court of Criminal Appeals may review the decisions of a court of appeals. Tex. Code of Crim. Proc. art. 44.45(b)(2). A petition for discretionary review to the Texas Court of Criminal Appeals must be filed within 30 days after either the day the court of appeals rendered judgment or the day the last timely motion for rehearing or *en banc* reconsideration was overruled. Tex. R. App. Proc. 68.2(a).

4

The time during which a properly filed state collateral review application is pending is not counted toward the limitation period. 28 U.S.C. § 2244(d)(2). A state habeas petition filed after the limitation period ends does not toll the limitation period under § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

The timeliness provision in § 2244(d) is also subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 634 (2010). A petitioner is entitled to equitable tolling only if he can show that: (1) he has been diligently pursuing his rights; and (2) some extraordinary circumstance stood in his way. *Id.* at 649. Such a circumstance exists where, for example, the plaintiff was misled by the defendant about the cause of action or was otherwise prevented in some extraordinary way from asserting his rights. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002). A standard claim of excusable neglect is insufficient. *Id.* Ignorance of the law generally does not excuse prompt filing, even for a *pro se* prisoner. *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000). The failure to satisfy the limitation period must result from "external factors" beyond the petitioner's control, and delays caused by the petitioner do not qualify. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).

Here, Torres's § 2254 petition is untimely, and he has not established that he is entitled to statutory or equitable tolling. The Thirteenth District Court of Appeals affirmed his conviction and sentence on August 24, 2009, and he had 30 days from that date to file a petition for discretionary review to the Texas Court of Criminal Appeals. (D.E. 13-5 at 82-84); Tex. R. App. Proc. 68.2(a). Because he did not file a petition for discretionary review, his conviction became final at the expiration of those 30 days on

September 23, 2009.  (D.E. 1 at 3); *Butler*, 533 F.3d at 317.  His time to file a § 2254 petition expired one year later on September 23, 2010.  28 U.S.C. § 2244(d)(1)(A).  None of the other potential starting dates for the one-year clock are relevant here because Torres's claims do not implicate an impediment created by state action, a constitutional right that was newly-recognized by the Supreme Court, or any factual predicate that was not available at the time his conviction became final.  *Id.* § 2244(d)(1)(B), (C), (D).  Thus, Torres's § 2254 petition, filed on February 21, 2020, is untimely by more than nine years unless he can show entitlement to statutory or equitable tolling.

As to tolling, Torres is not entitled to statutory tolling because his state habeas petition was not filed until, at best, September 2019, which was after the expiration of the one-year limitation period.  (D.E. 13-5 at 32); *Scott*, 227 F.3d at 263.  Further, he is not entitled to equitable tolling because he has not shown any extraordinary circumstance that prevented him from filing his § 2254 petition earlier.  *Holland*, 560 U.S. at 649.  Moreover, Torres has not shown that he was diligently pursuing his rights; he did not file a state habeas petition until ten years after his conviction became final, and he did not file a § 2254 petition until more than ten years after his conviction became final.  *See Holland*, 560 U.S. at 649.  Thus, Torres's § 2254 petition is untimely, and he is not entitled to any form of tolling.

Respondent correctly points out that Torres's invocation of *Edwards v. Carpenter* is inapplicable here.  (D.E. 14 at 6-7).  *Edwards* addressed the question of whether claims of ineffective assistance of counsel are "uniquely immune from the procedural-default rule that accompanies the exhaustion requirement in all other contexts . . . ."  *Edwards*,

529 U.S. at 452. *Edwards* also provides that a "petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance." *Id.* at 451 (quoting *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). Torres's petition does not fall within the scope of claims to which *Edwards* applies. Even if it did, because his corresponding state habeas petition was filed years after the deadline to file, *Edwards* does not excuse Torres's lack of timeliness in filing this federal habeas petition. Similarly, *Martinez* does not apply here because it discusses the issue of procedural default, not of timeliness. *See generally Martinez*, 566 U.S. at 1. As discussed above, the question in this case is not whether Torres failed to raise his claim of ineffective assistance of counsel in his initial collateral proceedings, but rather whether Torres timely or diligently sought any collateral review.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Torres has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (stating that a district court may *sua sponte* rule on a COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Where a

district court rejects the claims on procedural grounds, a petitioner must show that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right; and (2) the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, reasonable jurists would not find it debatable that Torres's claims are time-barred. Therefore, it is further recommended that any request for a COA be denied because he has not made the necessary showing for such issuance.

## V. RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's motion for summary judgment (D.E. 14) be GRANTED, and Torres's § 2254 petition DISMISSED as untimely. In addition, it is further recommended that any request for a Certificate of Appealability be DENIED.

Respectfully submitted this 25th day of August, 2020.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).